CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
November 18, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **KING CEDRIC OMAR SNEAD,** | |
| Plaintiff, | |
| | Case No. 7:24CV00452 |
| v. | **OPINION** |
| **VIRGINIA, ET AL.,** | JUDGE JAMES P. JONES |
| Defendants. | |

*King Cedric Omar Snead, Pro Se Plaintiff.*

Plaintiff, proceeding pro se, identifies himself as King Cedric Omar Snead. He has filed a civil rights action using a form designed for an inmate filing a lawsuit under 42 U.S.C. § 1983. Snead did not prepay the filing costs for this lawsuit, so I construe his submissions as seeking permission to proceed in forma pauperis. Liberally construing the Complaint, Snead sues various cities in Virginia on behalf of himself and others, including Malia and Sasha Obama, daughters of the former President. As relief, Snead seeks to pursue his prior civil rights action in this court that was summarily dismissed in 2009.* *Snead v. Alleghany Sheriff*

---

\* In a separate case Snead submitted in this court, No. 7:24CV00274, he attempted to refile a claim alleged in his 2009 civil action and to raise additional claims. I ruled that the 2024 case concerning these claims was not timely filed and that Snead had failed to show grounds for equitable tolling. To the extent that Snead is attempting in this

*Dep't*, No. 7:09CV00198, 2009 WL 2003399 (W.D. Va. July 7, 2009). Otherwise, the claims section of the instant Complaint is largely incomprehensible, with no statement of fact concerning involvement by particular defendants. After review of Snead's submissions, I will grant his application to proceed in forma pauperis, but I conclude that the lawsuit must be summarily dismissed as frivolous.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). However, a district court must dismiss a case filed in forma pauperis at any time if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

My statutory authority to summarily dismiss frivolous complaints includes "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless" or which describe "fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Snead's lawsuit falls squarely into this class of cases. Accordingly, I will summarily dismiss the action under § 1915(e)(2)(B) as frivolous.

---

later case, No. 7:24CV00452, to reinstate claims based on prior events as alleged in Case No. 7:24CV00198, I decline to consider such duplicative assertions that are not supported by facts in this later-filed case and will dismiss such claims without prejudice.

A separate Final Order will be entered herewith.

                                         DATED:  November 18, 2024

                                         /s/  JAMES P. JONES
                                         Senior United States District Judge